IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES BEAMON, #166666, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09-CV-319-WHA |
| ) | [WO] |
| ) | |
| MONTGOMERY POLICE DEPT., ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by James Beamon ["Beamon"], a state inmate presently confined at the Kilby Correctional Facility.[1] In this complaint, Beamon challenges his arrest on March 23, 2007 for robbery and kidnapping. Beamon also attacks the validity of a 2007 indictment issued against him by a Montgomery County, Alabama grand jury for first degree robbery and first degree kidnapping. Finally, Beamon challenges the constitutionality of the convictions imposed upon him pursuant to the indictment.

---

[1] Although the Clerk of this court stamped the complaint "filed" on April 10, 2009, it is clear that Beamon presented the complaint for mailing prior to this date. A review of the pleadings indicates that Beamon executed the complaint on April 9, 2009. *Plaintiff's Complaint - Court Doc. No. 1* at 4. The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Beamon] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers April 9, 2009 as the date of filing.

Beamon identifies the Montgomery Police Department as the sole defendant in this cause of action. He seeks monetary damages and relief from his convictions "due to the invalid indictment...." *Plaintiff's Complaint - Court Doc. No. 1* at 4.

Upon review of the allegations contained in the complaint, the court concludes that this case is due to be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

## I. DISCUSSION

### A. The Montgomery Police Department

The law is well-settled that a city police department "is not a legal entity and, therefore, is not subject to suit or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Beamon's claims against the Montgomery Police Department are due to be summarily dismissed as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

### B. The March 23, 2007 Arrest

Beamon complains officers R. D. Calhoun and M. D. Gordon of the Montgomery Police Department "falsely arrested and falsely accused" him of robbery and kidnapping

---

[2] The court granted Beamon leave to proceed *in forma pauperis*. *Court Doc. No. 3*. A prisoner who is allowed *in forma pauperis* status is due to have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

on March 23, 2007. *Plaintiff's Complaint - Court Doc. No. 1* at 3. Beamon asserts this arrest led to the issuance of an improper indictment for the aforementioned charges. It is clear from the face of the complaint that any claim related to Beamon's arrest is barred by the statute of limitations applicable to actions filed by an inmate in this court under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The arrest about which Beamon complains occurred on March 23, 2007. The tolling provision of *Ala. Code* § 6-2-8(a) is unavailing. Thus, the statute of limitations began to run on March 24, 2007 and ran uninterrupted until it expired on March 24, 2009. As previously noted, Beamon filed the instant complaint on April 9, 2009. This filing occurred ***after*** the applicable period of limitation had expired.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the

3

face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the complaint, Beamon has no legal basis on which to proceed with respect to his illegal arrest claim as he filed this cause of action more than two (2) years after the arrest about which he complains accrued. As previously determined, the statutory tolling provision provides no basis for relief. In light

of the foregoing, the court concludes that Beamon's challenge to his March 23, 2007 arrest is barred by the applicable statute of limitations and this claim is therefore subject to dismissal as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).[3]

### C. The Challenges to Plaintiff's Convictions

Beamon challenges the constitutionality of robbery and kidnapping convictions recently imposed upon him by the Circuit Court of Montgomery County, Alabama. Specifically, Beamon complains the indictment made the basis for these convictions is invalid because the grand jury issued a "blank indictment ... [un]signed by the foreman of the grand jury." *Plaintiff's Complaint - Court Doc. No. 1* at 3. Beamon further argues the attorney appointed to represent him failed to file a motion to dismiss the indictment referencing the lack of "validation of the indictment...." *Plaintiff's Complaint - Court Doc. No. 1* at 3. The aforementioned claims go to the fundamental legality of Beamon's convictions. Consequently, these claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality

---

[3] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously taken in *Heck* that the "sole remedy in

federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

To the extent Beamon presents claims which challenge the constitutionality of robbery and kidnapping convictions imposed upon him in 2008 by the Circuit Court of Montgomery County, Alabama, he is entitled to no relief as a judgment in favor of Beamon on these claims would necessarily imply the invalidity of such convictions. It is clear from the complaint that the convictions about which Beamon complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the convictions imposed upon Beamon in 2008 for robbery and kidnapping is prohibited and subject to dismissal by this court prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Montgomery Police Department be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's challenges to the constitutionality of the robbery and kidnapping

convictions imposed upon him by the Circuit Court of Montgomery County, Alabama in 2008 be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time.

3.  This case be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before April 27, 2009 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

Done this 14th day of April, 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE